J-S08021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMAS SANTIAGO-RIVERA | : | |
| | : | |
| Appellant | : | No. 1186 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003174-2020

BEFORE:     OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 05, 2023**

Tomas Santiago-Rivera (Appellant) appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his guilty plea to one count of driving under the influence of a controlled substance (DUI).[1]  Contemporaneous with this appeal, Appellant's counsel, Emily Washburn, Esquire, has filed a petition to withdraw from representation and an ***Anders*** brief.[2]  The ***Anders*** brief challenges the validity of Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2).

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

guilty plea and the discretionary aspect of his sentence. We affirm the judgment of sentence and grant counsel's petition to withdraw.

At the plea hearing, the parties stipulated to the facts as set forth in the affidavit of probable cause, accompanying the police criminal complaint, which stated the following. N.T., 3/22/22, at 5. On August 4, 2020, at approximately 1:10 a.m., State Troopers Travis Rutt and Philip Cyphers investigated a single car accident on Interstate 78 in Greenwich Township, Berks County. Affidavit of Probable Cause, 9/15/20, at 1. A witness reported that Appellant was driving at high speed when he hit a concrete barrier. *Id.* at 3. The car "careened back into the left lane and struck the center concrete barrier" again. *Id.* Appellant's car then spun and came to a rest. *Id.*

State Trooper Rutt stated that Appellant "demonstrated a wide array of emotions . . . from crying to calm, to laughing and to depressed." Affidavit of Probable Cause at 3. State Trooper Rutt also noted that Appellant's eyes were bloodshot and glassy. *Id.* Finally, State Trooper Rutt conducted a field sobriety test and a preliminary breath test, which was positive for the presence of alcohol. *Id.* Appellant was subsequently arrested and charged with DUI, as well as several traffic violations.[3]

---

[3] The charges included: 75 Pa.C.S. §§ 3802(a)(1) (driving while under the influence of alcohol), 3309(1) (driving on roadways laned for traffic), 3361 (driving at unsafe speed), and 3714(a) (careless driving).

- 2 -

On March 22, 2022, Appellant, represented by Attorney Washburn, entered a negotiated guilty plea for one count of DUI. The Commonwealth stated the parties had agreed to the "mandatory minimum sentence of 90 days to five years and a $1,500 fine." N.T. at 4. Immediately thereafter, the trial court imposed the agreed-upon sentence.

On March 30, 2022, Appellant timely filed a post-sentence motion to withdraw his guilty plea. The docket reveals that on August 26, Appellant filed a notice of appeal, but the post-sentence motion was not denied by operation of law until three days thereafter, August 29th.[4] However, "where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." *Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003). We thus deem Appellant's notice of appeal as timely filed.

On September 14, 2022, the trial court directed Appellant to file, within 21 days, a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Two days after this deadline, on October 7th, Attorney Washburn filed a

---

[4] *See* Pa.R.Crim.P. 720(B)(3)(a) ("If the judge fails to decide the [post-sentence] motion within 120 days . . . the motion shall be deemed denied by operation of law."), (c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court . . . ."). Here, the 120th day after the filing of the post-sentence motion was July 28, 2022.

statement of intent to file an ***Anders*** brief two days after the deadline.  ***See*** Pa.R.A.P. 1925(c)(4).

Generally, the failure to file a timely, court-ordered Rule 1925(b) statement results in waiver of all issues for appeal.  ***Commonwealth v. Hess***, 810 A.2d 1249, 1252 (Pa. 2002).  We further note that pursuant to Pennsylvania Rule of Criminal Procedure 114(C), a docket entry for a court order shall include the date of service of the order.  Pa.R.Crim.P. 114(C)(2)(c). In ***Commonwealth v. Hess***, 810 A.2d 1249 (Pa. 2002), a docket sheet did not indicate the date of service of a trial court's Rule 1925(b) order.  ***Id.*** at 1254.  The Pennsylvania Supreme Court held that given "this failure to comply with the mandatory procedures under Rule 114, [the Court was] unable to ascertain the date upon which [the a]ppellant was purportedly served with the . . . 1925(b) order and, therefore, [it] simply cannot conclude when, if ever, the [filing] period under Rule 1925(b) began to run." ***Id.***  The Supreme Court concluded that the appellant could not "be penalized for failing to file a timely 1925(b) statement." ***Id.*** at 1255.

Similarly, here the trial court docket does not state the date of service for the Rule 1925(b) order.  As a result, we are unable to determine when Appellant received the order.  ***See Hess***, 810 A.2d at 1254.  Therefore, we deem Attorney Washburn's filing of the statement to be timely and proceed to a review of the issues raised in the ***Anders*** brief.

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant seems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, *quoting* **Santiago**, 978 A.2d at 361.

In Attorney Washburn's **Anders** brief, she aptly summarized the pertinent factual and procedural history with citations to the records. **Anders** Brief at 6-9. Attorney Washburn states that after a conscientious review of the record and applicable law, she concludes the appeal is frivolous. **Id.** at 17. Moreover, Attorney Washburn has provided this Court with a copy of the letter she sent to Appellant, advising him of his right to proceed with newly

retained counsel or *pro se*, and to raise any additional points for this Court's attention. **See** Attorney Washburn's Letter to Appellant, 1/13/23. Therefore, the brief and petition to withdraw filed by Attorney Washburn comply with the requirements of **Anders** and **Santiago**. **See Cartrette**, 83 A.3d at 1032. We note Appellant has not filed a response.

The **Anders** brief identifies two potential claims for our review:

A. Whether Appellant can support the standard of manifest injustice required to withdraw his negotiated guilty plea.

B. Whether Appellant, having entered into a negotiated guilty plea, can challenge the discretionary aspects of his sentence.

**Anders** Brief at 5.

We now make an independent review of these issues and conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous[.]" **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (citation omitted). If we agree with counsel's assessment, we "may grant counsel's request to withdraw and dismiss the appeal[.]" **Id.** (citation omitted).

Appellant first seeks to withdraw this negotiated guilty plea, asserting that "it was manifestly unjust." **Anders** Brief at 10. It is well settled that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013). Indeed,

there is no absolute right to withdraw a guilty plea;[ ] trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation omitted).

Further, "a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Lincoln***, 72 A.3d at 609-10, *citing* Pa.R.Crim.P. 720(B)(1)(a)(i).

[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. . . .

\* \* \*

The determination [of materiality] must be fact- and case-specific. . . .

***Lincoln***, 72 A.3d at 610 (citations and quotation marks omitted). "A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Stork***, 737 A.2d 789, 790-91 (Pa. Super. 1999) (citations omitted).

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. [W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that

- 7 -

the defendant understood the nature of the charges against him, the voluntariness of the plea is established. Thus,

> [a] court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Rush*, 909 A.2d 805, 808-09 (Pa. Super. 2006) (citations omitted). *See also* Pa.R.Crim.P 590, *cmt.*

Here, Appellant properly preserved his claim in a timely filed post-sentence motion before the trial court. *See Lincoln*, 72 A.3d at 609-10. The record reveals Appellant participated in a comprehensive and thorough written colloquy, which was followed by an oral colloquy. *See* Statement Accompanying Appellant's Request to Enter a Guilty Plea, 3/22/22, at 1-4. In the written colloquy, Appellant agreed that he understood: (1) he is presumed to be innocent until proven guilty of the offenses charged; (2) he has the right

to a jury trial; (3) by pleading guilty, he is giving up the right to go to trial; (4) by pleading guilty, he is giving up his right to file pre-trial motions; and (5) he understood the nature of the charges to which he was pleading guilty. *Id.* at 2. Appellant stated that he has not had any drugs, alcohol, or medication within the last 48 hours. *Id.* at 6. We further note the following exchange at the plea hearing:

> [**Commonwealth**]: The plea agreement has been negotiated between your attorney and the Commonwealth calling for you to enter this plea in exchange for . . . a mandatory minimum sentence of 90 days to five years and a $1,500 fine. Is that your understanding of the agreement?
>
> [**Appellant**]: Yes.
>
> *   *   *
>
> **THE COURT**: Has anyone forced, threatened, or coerced you into pleading guilty?
>
> [**Appellant**]: No.
>
> **THE COURT**: You have [filled] out, signed, and submitted documents to the Court. Have you had an opportunity to speak with [your attorney] about those documents?
>
> [**Appellant**]: Yes, we talked about it.
>
> **THE COURT**: You understand what those documents mean?
>
> [**Appellant**]: It means three months in jail, one-year probation.
>
> **THE COURT**: That is part of it. Do you have any questions about those documents?
>
> [**Appellant**]: I'm good. She explained it. She explained it correctly. . . .

N.T. at 4, 6.

The record does not support a claim that Appellant entered into the guilty plea unknowingly, involuntarily, or unintelligently. Therefore, we conclude that Appellant has not established manifest injustice justifying the withdrawal of his guilty plea. *See Lincoln*, 72 A.3d at 610.

The second issue raised in the *Anders* brief is a challenge to the discretionary aspects of Appellant's sentence. This Court has stated:

> **[W]hen the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence.** If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

*Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citations omitted and emphasis added).

In the instant case, Appellant negotiated a plea deal, which included the term of sentence that he now disputes. *See* Statement Accompanying Appellant's Request to Enter a Guilty Plea at 3. Following Appellant's acceptance of the guilty plea, the trial court imposed the agreed upon sentence. Further, we reiterate that Appellant received the minimum sentence. We conclude that no relief is due.

Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal. *See Yorgey*, 188 A.3d at 1196. Accordingly, we grant Attorney Washburn's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Attorney Washburn's petition to withdraw from representation granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2023